# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.B., S.B., and T.B.**

**No. 18-0656** (Berkeley County 16-JA-26, 16-JA-27, and 16-JA-28)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.B., by counsel Jared Adams, appeals the Circuit Court of Berkeley County's June 13, 2018, order denying his motion for post-termination visitation with the children.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), William Prentice Young, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying him the opportunity to testify in support of his request for post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 24, 2016, an abuse and neglect petition was filed alleging petitioner sexually abused his daughter, A.B. Petitioner was adjudicated as an abusing parent and, subsequently, on March 31, 2016, petitioner voluntarily relinquished his parental rights to all three children. Thereafter, petitioner pled guilty to three counts of incest and one count of first-degree sexual abuse with a victim under the age of twelve. He was sentenced to incarceration for a cumulative sentence of twenty to seventy years and to fifty years of supervised release under specific restrictions and conditions.

In January of 2018, petitioner filed a motion for post-termination visitation and a memorandum in support. The circuit court granted petitioner leave to appear for a hearing on the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise any error regarding the voluntary relinquishment of his parental rights to the children.

1

motion via telephone. On May 14, 2018, the circuit court held a hearing on petitioner's motion for post-termination visitation. Petitioner's counsel was unsuccessful in his attempts to reach petitioner by telephone, despite having previously made the appropriate arrangements with the staff at Mt. Olive Correctional Complex. Counsel for petitioner moved to continue the hearing to allow petitioner to testify by telephone. However, the guardian objected and asserted that further consideration of the motion was unnecessary and unwarranted. Upon considering the arguments of counsel, the circuit court found that "the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary." Syl. Pt. 5, in part, *In re Marley M*. 231 W.Va. 534, 544 745 S.E.2d 572 (2013). The circuit court found that the underlying circumstances included, but were not limited to the following: (1) petitioner sexually abused his eleven-year-old daughter; (2) petitioner voluntarily relinquished his parental rights; (3) petitioner pled guilty to criminal incest charges and was sentenced to a minimum of twenty years of incarceration, and at the time of his earliest possible release date all the children will have reached the age of majority; and (4) the only child of appropriate maturity to request visitation with petitioner does not want such visitation. The circuit court further found that post-termination visitation was not in the children's best interests. Ultimately, the circuit court denied petitioner post-termination visitation in its June 13, 2018, order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In his sole assignment of error on appeal, petitioner argues that the circuit court erred in denying him the opportunity to testify in support of his motion for post-termination visitation. In

---

[3]The mother's parental rights were terminated blow. According to respondents, the permanency plan for A.B. is adoption by her paternal grandfather who lives in Oregon. The permanency plan for S.B. and T.B. is adoption by their paternal grandmother who lives in West Virginia.

support, he contends that the circuit court's ruling "unnecessarily conflicts with the [c]ircuit [c]ourt's prior decision to grant [petitioner] the opportunity to present his testimony." He further asserts that if his testimony was truly manifestly unnecessary, the circuit court should not have ruled that he could present his testimony. We do not find petitioner's argument compelling.

We have held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). We have also held that

> [a] parent whose rights have been terminated pursuant to an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion, properly noticed for hearing, whereupon the court should hear evidence and arguments of counsel in order to consider the factors established in Syllabus Point 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995), except in the event that the court concludes the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary.

*Marley M.*, 231 W.Va. at 535, 745 S.E.2d at 574, Syl. Pt. 5. Here, the record is clear that due to the egregious nature of petitioner's sexual abuse of A.B., post-termination visitation is not in the children's best interests. Further, according to the record, A.B. is the only child of appropriate maturity to request post-termination visitation. However, she does not desire such visitation with petitioner. It is uncontested that the circuit court considered the evidence and arguments of counsel. Therefore, we agree with the circuit court that due to the nature of the underlying circumstances, the presentation of further evidence on the issue was manifestly unnecessary. Thus, the circuit court did not err in denying petitioner post-termination visitation with the children without hearing his testimony.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 13, 2018, order is hereby affirmed.

Affirmed.

3

**ISSUED**:  November 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment